Filed 11/6/13  P. v. Wicker CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ANDRE WICKER,<br><br>  Defendant and Appellant. | 2d Crim. No. B243616<br>(Super. Ct. No. MA055805)<br>(Los Angeles County) |

Andre Wicker appeals from the judgment following his conviction by jury of failure to register as a sex offender (Pen. Code, § 290, subd. (b)).[1]  The trial court sentenced him to three years in state prison.  Appellant challenges the sufficiency of the evidence to support his conviction, and contends the court committed prejudicial error by permitting read back of a closing argument in which the prosecutor misstated the requisite intent for a failure to register.  He further claims he is entitled to additional days of presentence credit, and respondent correctly concedes the point. We shall modify the judgment accordingly.  In all other respects, we affirm the judgment.

*Factual and Procedural Background*

Appellant registered as a sex offender for many years, beginning in 2002. He first registered with Ilene Anderson, at the Los Angeles County Sheriff's Department

---

[1] All statutory references are to the Penal Code unless otherwise stated.

(LASD) Lancaster station.  Anderson met with him on many other occasions through 2011.  On each occasion, Anderson explained the registration requirements to him, using a form which describes each requirement.  Relevant excerpts from the form she used in 2010 follow:  "My responsibility to resister as a sex offender is a lifetime requirement."  "Upon coming into, or when changing my residence address within a city and/or county in which I am residing, I must register or re-register in person within five (5) working days with the law enforcement agency . . . ."  "If I change my registered address . . . I must inform the last registering agency . . . within five (5) working days before or after I leave."  (*Ibid*.)  "If I have more than one residence address at which I regularly reside . . . I must register in person, within five (5) working days at each address with the law enforcement agency having jurisdiction over such residence."  "If I no longer reside at a registered address I must inform . . . the registering agency having jurisdiction over that address within five (5) working days before or after I leave."  Each time he met with Anderson, appellant signed a statement acknowledging he "read, understood and initialed each registration requirement."

In registering with Anderson, appellant often reported he resided at 817 Landsford Street, in Lancaster, the residence of his mother and stepfather, Christine Williams-Thomas and Clarence Thomas (Landsford residence).  On May 19, 2011, he registered with the Las Vegas Metropolitan Police Department (LVMPD).  Sharon Roberson of LVMPD processed his registration.  She told appellant he must advise LVMPD within 48 hours of any change in his residence.  He did not contact Roberson after May 19, 2011.  Appellant last contacted Anderson of LASD on December 6, 2011, when he telephoned and said he had moved to Las Vegas.  Anderson retired from LASD in March 2012.  Melissa Dorsey of LASD then processed sex offender registrations in Lancaster.  Appellant never registered with her.

On April 3, 2012, LASD Deputies Alex Vallozzi and Cesar Huerta conducted a registration compliance check at the Landsford residence.  They found Thomas sitting outside and asked him about appellant's location.  Appellant appeared at the front door, and Huerta asked if he was going to register.  He said he was going to

register "as soon as possible." Thomas and Williams-Thomas testified appellant often went to Nevada for a few days and returned to the Landsford residence. Thomas testified appellant lived at the Landsford residence from January through early April 2012. Appellant did not testify or call any defense witnesses at trial.

## DISCUSSION

### Substantial Evidence

Appellant contends there is not sufficient evidence to support his failure to register conviction in violation of section 290, subdivision (b). We disagree.

In reviewing the sufficiency of the evidence, we review the entire record in the light most favorable to the prosecution "to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Silva* (2001) 25 Cal.4th 345, 368.) We do not resolve credibility issues or evidentiary conflicts, and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. (*People v. Boyer* (2006) 38 Cal.4th 412, 480.) A reversal is unwarranted unless there is no substantial evidence to support the finding under any hypothesis whatever. *(People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Appellant claims there is not sufficient evidence to support his failure to register conviction because there is no evidence he knew he was required to "reregister in Lancaster or that he willfully failed to reregister in Lancaster." He also claims he did "not cancel or abandon his registration in Lancaster but maintained registration in two locations." The record belies his claims. Appellant repeatedly acknowledged in writing that he understood the registration requirements. He acknowledged he was required to register when he moved into a city or county, within or outside California, and upon moving, to notify the law enforcement agency of his leaving. Anderson testified that appellant called the LASD Lancaster station, in December 2011, and reported he had moved to Las Vegas. He registered in Nevada on May 19, 2011. Appellant returned to Lancaster sometime during the first months of 2012 but did not register in California. Substantial evidence supports the jury's finding that appellant knowingly and willfully failed to register in 2012.

3

*No Prejudice Resulted From the Reading of Closing Argument to the Jury*

Appellant contends the trial court committed prejudicial error by allowing read back of a closing argument in which the prosecutor misstated the requisite intent for a failure to register. We disagree.[2]

*Background*

During its deliberations, the jury sent several questions to the trial court. In response, the court allowed the prosecutor and defense counsel to present no more than ten minutes of additional argument to address the issues raised by the jury. The jury later asked to hear the additional arguments again. The court granted its request.

Immediately after the reporter read back the additional arguments, the court admonished the jury as follows, regarding an error in the arguments: "One other clarification or admonition I do want to give all the jurors. I believe there was some mention made about this being a strict liability crime. That's inaccurate. I want to refer you to page 8, it is CALCRIM 1170, which defines all of the elements of this offense. And element 3 discusses in detail the knowledge requirement."

The trial court acted within its discretion in granting the jury's request for a read back of the additional closing arguments. (*People v. Sims* (1993) 5 Cal.4th 405, 452-453, overruled on another ground in *People v. Storm* (2002) 28 Cal.4th 1007, 1031-1032.) Appellant argues the read back was prejudicial because the prosecutor's additional closing argument misstated the requisite intent. We disagree. The trial court properly called the prosecutor's misstatement to the attention of jurors and directed them to the instruction which correctly described the requisite intent. (*People v. Beltran* (2013) 56 Cal.4th 935, 954-956, *id*. at p. 956 [prosecutor's misstatement of law in closing argument not prejudicial where the court "properly refocused the jury on the relevant mental state"].)

---

[2] Respondent argues appellant waived this claim. We shall consider the claim on the merits.

4

*Section 4019 Credits*

Appellant argues he is entitled to 75 additional days of presentence conduct credit.  Respondent agrees in large part, but correctly asserts appellant is entitled to 74 additional days of such credit.  The court awarded 219 days of presentence credit, including 147 days of actual custody credit, and 72 days of conduct credit.  Under the version of section 4019 applicable to his sentence, appellant is entitled to receive two days of conduct credit for every two days of actual presentence custody.  (§ 4019, subd. (f)) ["It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody.]")  Appellant was remanded on April 3, 2012, and committed to state prison on August 27, 2012.  Thus, he served 147 days of presentence custody between and including those dates, and he is entitled 146 days of presentence conduct credit, for a total of 293 days of presentence credit.  We will modify the judgment accordingly.

### DISPOSITION

The judgment is modified to award appellant 293 days of presentence credit:  147 days for actual custody and 146 days for conduct.  (§ 4019.)  The trial court shall amend the abstract of judgment accordingly and transmit a certified copy to the Department of Corrections.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P.J.



YEGAN, J.

5

Lisa Chung, Judge

Superior Court County of Los Angles
_____


Marta I. Stanton, under Appointment by the Court of Appeal, for Defendant and Appellant André Wicker


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Blythe J. Leszkay, Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.